*ADDENDUM No 1*

# UNITED STATES DISTRICT COURT

**COMPLAINT FOR A CIVIL CASE**

**I. The Parties to This Complaint**

## A. The Plaintiff(s)
Name: Joseph D. Mulla
Street Address: 8 Muggleburg Lane
City and County: South Charleston, Kanawha
State and Zip Code: WV 25309
Telephone Number: 304-881-2591
E-mail Address: michaelmulla85@gmail.com

## B. The Defendant(s)

1. Tera Salango, Judge, Kanawha County Circuit Court
2. Stephanie Abraham, Judge, Kanawha County Circuit Court
3. Jennifer Bailey, Judge, Kanawha County Circuit Court
4. State of West Virginia, by and through its Family Court Division, CPS, and Judiciary

**II. Basis for Jurisdiction**
This case involves a Federal Question under 42 U.S.C. § 1983 for violation of civil rights under the United States Constitution, specifically the 14th Amendment Due Process Clause and Equal Protection Clause.

**III. Statement of Claim**

Plaintiff Joseph D. Mulla, acting pro se, brings this action against the above defendants for the systemic failure to protect his granddaughter, ███████, and for violating his and ███████'s constitutional rights under color of state law.

Judge Tera Salango relied on ex parte communications submitted by CPS and third parties to strip Plaintiff of unsupervised visitation rights. She refused to allow Plaintiff to refute the claims, present evidence, or cross-examine any party. Salango then dismissed the case entirely and recused herself.

Judge Stephanie Abraham, who received the complaint

next, also dismissed Plaintiff's complaint without hearing it. She too recused herself shortly thereafter.

The case was assigned to Judge Jennifer Bailey in December 2024. Plaintiff filed an emergency child protection petition documenting serious abuse and dangerous living conditions at █████'s current residence with her grandmother Karen Crawford and mother Samantha Holcomb. Bailey failed to act on this emergency petition for over five months, ignoring Plaintiff's due process right to a prompt hearing and his granddaughter's right to protection.

The house has holes in the roof and floors exposing the child to weather and vermin, over 16 cats, multiple dogs, and a ferret living in unsanitary conditions. Even the court-appointed visitation supervisor documented the overwhelming stench of urine and visible feces in the home. Yet, Judge Bailey ignored these urgent conditions.

Plaintiff's civil rights under 42 U.S.C. § 1983, including:
- Denial of due process (U.S. Const. Amend. XIV)
- Violation of right to a timely hearing (WV Code § 49-4-601(i), requiring hearings within specific timelines for protection)
- Violation of the right to family association (Troxel v. Granville, 530 U.S. 57 (2000))
- Judicial misconduct and deliberate indifference (Dennis v. Sparks, 449 U.S. 24 (1980))
- Potential criminal neglect and endangerment by CPS personnel and those acting in concert under color of law

Judges' refusal to allow evidence, suppressing hearings, and ignoring mandatory judicial duties constitute systemic abuse of power and discrimination against Plaintiff for asserting his family rights.

### IV. Relief

**Plaintiff Joseph D. Mulla respectfully seeks the following relief:**

**1. Compensatory Damages in the amount of $5,000,000 (Five Million Dollars) for the harm suffered as a result of the ongoing civil rights violations, mental distress, reputational harm, and the reckless disregard shown by the defendants toward the Plaintiff and his granddaughter's safety and rights.**

**2. Punitive Damages in an amount to be determined by the court to punish the defendants for their willful and malicious conduct and to deter similar misconduct in the future.**

3. Any additional relief that the Court deems just and proper, including injunctive relief to ensure ▮▮▮▮▮'s protection and enforcement of due process rights under the U.S. Constitution.

Plaintiff seeks the following relief:
- Declaratory judgment that his constitutional rights and those of ▮▮▮▮▮ were violated.
- Preliminary and permanent injunction requiring an immediate evidentiary hearing.
- Compensatory damages for emotional distress, harm to reputation, legal expenses, and prolonged visitation obstruction.
- Punitive damages against individual judges for malicious and willful misconduct in excess of $500,000.
- Criminal referral to DOJ and West Virginia Commission on Judicial Conduct for obstruction, dereliction of duty, and willful indifference to child endangerment.

**V. Certification and Closing**

I, Joseph D. Mulla, certify under Federal Rule of Civil Procedure 11 that the foregoing is true and correct to the best of my knowledge.
Date: May 10, 2025
Signature: _____
Printed Name: Joseph D. Mulla

Additionally, it must be emphasized that Judge Tera Salango initially issued a court order mandating the removal of all children from the home of Karen Crawford due to concerns about safety and abuse. However, this order was unlawfully overridden by Child Protective Services (CPS), who acted without filing any formal motion or obtaining judicial approval. As a result, my granddaughter, ▮▮▮▮▮, was returned to an environment Judge Salango had already determined was dangerous. This unlawful override placed ▮▮▮▮▮ in direct harm and constitutes a gross failure of due process and judicial oversight. Judge Stephanie Abraham and Judge Jennifer Bailey, both of whom later assumed responsibility for this case, were made fully aware of Judge Salango's original ruling. Despite this, neither judge acted to enforce the original protective order or respond to my emergency filings. Their inaction has further endangered ▮▮▮▮▮ and deprived me of my rights as a grandparent, as well as ▮▮▮▮▮'s civil right to safety and protection under the law.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### VI. Legal Basis for Jurisdiction and Right to Jury Trial

This Court has jurisdiction pursuant to:

- 28 U.S.C. § 1331: Federal question jurisdiction for claims arising under the Constitution and laws of the United States.
- 28 U.S.C. § 1343: Jurisdiction over civil rights claims, including those brought under 42 U.S.C. § 1983.
- 42 U.S.C. § 1983: Civil action for deprivation of rights under color of state law.
- U.S. Constitution, Fourteenth Amendment: Protects Plaintiff's right to due process and equal protection.
- U.S. Constitution, First Amendment: Protects the right to speak out against government conduct, including filing court actions.
- West Virginia Constitution, Article III §§ 10 & 17: Guarantees equal protection and access to the courts.

Right to Jury Trial:

- U.S. Constitution, Seventh Amendment: Guarantees the right to a trial by jury in civil cases where the value in controversy exceeds $20.
- Rule 38 of the Federal Rules of Civil Procedure: Guarantees the right to a jury trial on any issue triable by jury and requires the demand to be properly made.
- Rule 39 of the Federal Rules of Civil Procedure: Ensures that once a jury demand is made, the case shall be tried by jury unless waived.
- West Virginia Constitution, Article III § 13: Confirms the right to trial by jury shall remain inviolate.

Plaintiff's claims for compensatory and punitive damages, as well as constitutional violations involving government misconduct, are precisely the kind of civil issues that must be resolved by a jury under both federal and state law. This court is compelled to hear this case under controlling federal authority and provide Plaintiff access to a jury of his peers to evaluate the facts, evidence, and lawfulness of the defendants' actions.

### VII. Improper Prosecutorial Involvement and Judicial Misconduct

Plaintiff submitted multiple motions to all three presiding judges—Salango, Abraham, and Bailey. Nearly all motions were ignored or dismissed without hearing. Judge Tera Salango was the only judge to allow a hearing on Plaintiff's Motion to Intervene. During that hearing, Judge Salango allowed a prosecutor to object to Plaintiff's motion and speak on the record.

At the time, Plaintiff was not accused of any crime and was not a party to any criminal proceeding. Therefore, the prosecutor had no legal standing to participate or protest Plaintiff's civil motion. This conduct violated Plaintiff's due process rights and demonstrated bias and undue influence in the court proceedings.

Case Law Supporting Plaintiff's Position:
- Polk County v. Dodson, 454 U.S. 312 (1981): A prosecutor's participation must be related to criminal proceedings; interference in civil matters where no charges are filed is inappropriate.
- Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787 (1987): Prohibits participation of prosecutors in cases where they have no jurisdiction or where their involvement presents a conflict of interest.
- In re Gault, 387 U.S. 1 (1967): Due process must be afforded in all proceedings, and no party should face prosecutorial opposition without a formal complaint or charge being filed.
- U.S. v. Griffin, 84 F.3d 912 (7th Cir. 1996): Courts must ensure that prosecutors do not act outside their authority or interfere in matters where they have no legal role.

Judge Salango's decision to allow prosecutorial objection in a private civil motion, where Plaintiff was not a defendant in any criminal matter, constitutes judicial overreach and undermines Plaintiff's fundamental rights.

**VIII. Appellate Interference and Withholding of Court Records**

Plaintiff Joseph D. Mulla filed a civil rights appeal with the Intermediate Court of Appeals of West Virginia. That court accepted jurisdiction over Plaintiff's claims, which centered on the unlawful decision by Judge Tera Salango to combine Plaintiff's case with his son's JA (juvenile abuse and neglect) case. Plaintiff was never charged with abuse or

neglect and had no pending criminal accusations.

Despite this, Judge Salango dismissed Plaintiff's case without a hearing—thereby denying his right to be heard and violating due process under the Fourteenth Amendment. The Intermediate Appellate Court took the case seriously, recognizing on the record that constitutional violations may have occurred.

However, the appellate process was obstructed when Judge Salango refused to release the court transcript of the hearing where the improper consolidation and dismissal occurred. The withholding of this official court record prevented the appellate court from reviewing the factual and procedural history of the violation, effectively shielding Judge Salango's conduct from scrutiny and appellate review.

Legal Authority:
- Brady v. Maryland, 373 U.S. 83 (1963): Withholding evidence or court records relevant to the assertion of constitutional rights is a due process violation.
- Griffin v. Illinois, 351 U.S. 12 (1956): The right to meaningful appellate review includes access to the transcript of the proceedings under challenge.
- Evitts v. Lucey, 469 U.S. 387 (1985): Denial of appellate procedures and deliberate obstruction of appeal rights is a direct violation of due process.

This pattern of obstruction, improper consolidation, and withholding of court records forms part of a coordinated effort by state officials to suppress Plaintiff's access to justice and conceal the misconduct that has harmed both Plaintiff and his granddaughter.

Additional Legal Authority – Withholding Transcripts and Due Process:

The refusal of Judge Tera Salango to provide the hearing transcript constitutes a clear violation of Plaintiff's constitutional right to a meaningful appeal and undermines the integrity of the judicial process.

Federal Authority:
- Griffin v. Illinois, 351 U.S. 12 (1956): The Supreme Court

held that access to a transcript is a basic necessity for meaningful appellate review. The denial of transcripts to an appellant violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment.
- Entsminger v. Iowa, 386 U.S. 748 (1967): The Court ruled that failure to provide a trial transcript on appeal deprives the defendant of effective assistance and meaningful access to the appellate process.
- Hardy v. United States, 375 U.S. 277 (1964): Emphasizes that a full and fair appellate review requires the record of the trial proceedings.
- Draper v. Washington, 372 U.S. 487 (1963): Denying a transcript or substituting it with an inadequate summary is unconstitutional when the accuracy of proceedings is in dispute.

West Virginia Authority:
- State v. Smith, 178 W. Va. 104, 358 S.E.2d 188 (1987): Establishes that the inability to produce a transcript of lower court proceedings for appellate review may require reversal.
- State ex rel. Kidd v. Wilson, 167 W. Va. 665, 280 S.E.2d 231 (1981): The West Virginia Supreme Court held that an appellant is entitled to a fair and adequate record for review, and its absence prejudices the right to due process.
- State v. Byus, 171 W. Va. 437, 299 S.E.2d 334 (1983): Recognizes that the trial court's failure to ensure preservation and availability of critical proceedings can amount to reversible error.

Judge Salango's refusal to produce the transcript, especially when the hearing is central to the violation being appealed, constitutes obstruction of appellate rights and a serious due process breach under both federal and West Virginia constitutional law.

### IX. Suppression of Exculpatory Testimony and Collusion Among Officials

All three presiding judges—Salango, Abraham, and Bailey—along with the assigned prosecutor, Guardian ad Litem Sandra Bullman, CPS personnel, and attorneys involved in the proceedings, were fully aware that Detective Coleman of the Kanawha County Sheriff's Department and CPS official Ivan Lee possessed exculpatory testimony in favor of Plaintiff. Their testimony would directly support Plaintiff's efforts to regain custody of his granddaughter

███████ and would likely reverse the adverse decisions rendered in this case.

Despite this, their testimony was never allowed to be presented. Instead, the presiding judges enabled and sustained a pattern of suppression, refusing to subpoena or allow entry of these critical witnesses into the record. The omission of their favorable testimony constitutes a flagrant violation of the Plaintiff's due process rights and the child's right to be protected from harm.

Furthermore, there is evidence and consistent practice of ex parte communication between CPS workers, the GAL, and the bench—communications not disclosed to Plaintiff and clearly prohibited under judicial conduct rules. This collusion demonstrates a coordinated effort to silence opposition and conceal the truth.

Legal Authority:
- Brady v. Maryland, 373 U.S. 83 (1963): The suppression by the prosecution of evidence favorable to an accused violates due process.
- Giglio v. United States, 405 U.S. 150 (1972): Suppression of material evidence affecting the credibility of a witness is a due process violation.
- Napue v. Illinois, 360 U.S. 264 (1959): A conviction or adverse judgment obtained through false testimony or suppression of the truth violates the Constitution.
- In re Murchison, 349 U.S. 133 (1955): Due process requires a neutral decisionmaker and forbids any secret or ex parte judicial consultation.

This deliberate orchestration to prevent the truth from being heard in court—by suppressing the testimony of key public officials—further validates Plaintiff's claims that the judicial process in this case has been weaponized against him in violation of both federal and state law.

X. Manipulation of CPS Case Workers and Breach of Confidentiality

Judges Abraham and Bailey knowingly permitted CPS to substitute the original case worker, Nathan Phillips, with another worker whose interpretation of the case was drastically different. This switch occurred despite video evidence showing Nathan Phillips stating in the hallway of the courthouse that CPS was in favor of returning custody

of ████████ to her father. He further stated that the only reason CPS had not moved forward with reunification was due to motions filed by Plaintiff and the existenc...

This clear manipulation of CPS personnel and evidence trails demonstrates judicial complicity in suppressing favorable testimony and obstructing due process. It also violates several legal and ethical standards, including:

- West Virginia Code § 49-5-101: Prohibits public disclosure of information related to child abuse and neglect proceedings by any party, including CPS workers, to unauthorized individuals.
- 42 U.S.C. § 1983: Liability for state actors, including judges and CPS agents, for violation of constitutional rights under color of state law.
- W. Va. Rules of Procedure for Child Abuse and Neglect Proceedings, Rule 6: Restricts the release or discussion of any confidential case details outside of official proceedings.
- U.S. Constitution, Fourteenth Amendment: Denial of due process when favorable witnesses are removed and records manipulated to suppress facts supporting reunification.

The removal of CPS worker Phillips after his favorable position toward reunification was revealed—paired with the installation of a new case worker demanding termination of parental rights—shows a deliberate pattern of retaliatory and biased conduct by the state to punish Plaintiff for exercising his constitutional right to free speech and petitioning the court.