IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH D. MULLA,

          Plaintiff,

v.                                                    CIVIL ACTION NO. 2:25-cv-00310

STATE OF WEST VIRGINIA, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint for a Civil Case* (Document 2) and *Addendum No. 1* (Document 2-1, sealed, and Document 5, redacted). By *Administrative Order* (Document 3) entered on May 12, 2025, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for proposed findings of fact and recommendations of law, pursuant to 28 U.S.C. § 636. On May 14, 2025, Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 6), wherein he recommends that the Plaintiff's application to proceed without prepayment of fees and costs be denied, the Plaintiff's complaint be dismissed, and this matter be removed from the Court's docket. Objections to the PF&R were due by June 2, 2025. The Plaintiff filed a *Motion for Extension* (Document 7) on May 27, 2025, and filed his *Objection to Proposed Findings and Recommendation* (Document 8) on June 3, 2025, which the Court deems timely in light of his pro-se status.

**FACTUAL ALLEGATIONS**

The Plaintiff, Joseph D. Mulla, names the following Defendants: Kanawha County Circuit Court Judges Tera Salango, Stephanie Abraham, and Jennifer Bailey, and the State of West Virginia, "by and through its Family Court Division, CPS, and Judiciary." (PF&R at 2, quoting Pl.'s Addendum, Documents 2-1 and 5, at 1.) His complaints arise from a child custody dispute involving his granddaughter which was litigated in state court. He asserts that the Defendants violated a purported right to unsupervised visitation and access to his granddaughter and mishandled a complaint regarding conditions at the home in which the child lives, leaving her in unsafe and unsanitary conditions. He further indicates that he sought custody of his granddaughter in state court and the Defendants mishandled proceedings to deny him, and/or his son, custody. He seeks declaratory and injunctive relief, monetary damages, and criminal referral of the Defendants and others.

**STANDARD OF REVIEW**

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and

his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

In the PF&R, Judge Aboulhosn explains that any claims asserted on behalf of the Plaintiff's granddaughter must be dismissed because pro-se litigants are not permitted to represent others. Judge Aboulhosn further found that the Plaintiff failed to state a claim or to establish federal jurisdiction, that *Younger* abstention is appropriate because the case involves ongoing state judicial proceedings, and that the domestic relations exception to federal jurisdiction deprives the Court of jurisdiction to interfere with state decisions regarding child custody and placement. He also explains that any attempt to challenge or appeal the state court decisions in this court would be barred under the *Rooker-Feldman* doctrine. In addition, Judge Aboulhosn found that the judicial defendants have immunity for the judicial acts that are the subject of the Plaintiff's complaint and that the State and its agencies and officials are not persons subject to suit under 42 U.S.C. § 1983.

The Plaintiff asserts that he brought this case not on behalf of his granddaughter but to vindicate his own rights. He argues that he was not a party to the state action, and so *Younger* abstention is not applicable. He further argues that the domestic relations exception is not applicable to his civil rights claim. In addition, he contends that *Rooker-Feldman* is not applicable because he does not seek appellate review of a final state judgment. He requests leave to amend if the Court finds that the complaint lacks sufficient factual detail.

The Court finds that the objections should be overruled and that amendment would be futile. The Plaintiff's claims, at their core, ask this Court to find error with the state court's handling of the child custody matter involving his granddaughter. "[F]ederal courts are courts of

3

limited jurisdiction and generally abstain from hearing child custody matters." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006). "[T]he domestic relations exception…divests the federal courts of power to issue divorce, alimony, and child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). To the extent the Plaintiff seeks damages rather than directly seeking a change in his access to his granddaughter or her custodial placement, abstention remains appropriate. *Younger* abstention bars federal courts from intervening in ongoing state proceedings, including child welfare proceedings. *Younger v. Harris*, 401 U.S. 37, 43 (1971); *Moore v. Sims*, 442 U.S. 415, 435 (1979).

To the extent the Plaintiff asks this court to review or modify a state court decision, his claim is barred by *Rooker-Feldman*. The *Rooker–Feldman* doctrine is derived from two Supreme Court cases. In *Rooker*, the Supreme Court explained that lower federal courts could not "entertain a proceeding to reverse or modify the judgment for errors" from a state court decision, because to "do so would be an exercise of appellate jurisdiction" and "[t]he jurisdiction possessed by the District Court is strictly original." *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923). In *Feldman*, the Supreme Court held that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings," as "[r]eview of such judgments may be had only in this Court." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

"The *Rooker–Feldman* doctrine bars consideration not only of issues actually presented to and decided by a state court, but also of constitutional claims that are 'inextricably intertwined with' questions ruled upon by a state court, as when success on the federal claim depends upon a determination 'that the state court wrongly decided the issues before it.'" *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (quoting *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.

1995)). The Supreme Court has recently emphasized that "*Rooker-Feldman* . . . is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The Plaintiff's claims rely on an assertion that the state court erred in its handling of the abuse and neglect and/or custody matters before it. As the Northern District of West Virginia recently explained in a similar case:

> Here, if [the plaintiff] wishes to adjudicate an abuse and neglect case that arose in state court, Plaintiff essentially seeks federal review of a state court's decision regarding matters squarely and solely within that state court's jurisdiction. This is a form of review Plaintiff may not obtain. Plaintiff's various claims regarding constitutional violations in this matter are of no moment; they do not give rise to federal question jurisdiction. The issue which Plaintiff seems to wish to adjudicate here is predicated on state law, and there is no federal interest in it.

*Elmore v. Morgantown Just. Dep't*, No. 1:24-CV-18, 2024 WL 6434744, at *4 (N.D.W. Va. Apr. 22, 2024), *report and recommendation adopted,* No. 1:24-CV-18, 2024 WL 6434742 (N.D.W. Va. May 14, 2024). Similarly, the Court has no jurisdiction to intervene in or review the state court's decisions regarding his granddaughter's placement. Therefore, the Court finds that the Plaintiff's objections must be overruled.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Objection to Proposed Findings and Recommendation* (Document 8) be **OVERRULED**, that the Magistrate Judge's *Proposed Findings and Recommendation* (Document

6) be **ADOPTED**, that the Plaintiff's application to proceed without prepayment of fees and costs (Document 1) be denied, that the Plaintiff's *Complaint for a Civil Case* (Document 2) be **DISMISSED**, and that this matter be removed from the Court's docket. The Court further **ORDERS** that the Plaintiff's *Motion for Extension* (Document 7), requesting "an extension in order to better prepare my original complaint" be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: August 27, 2025

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA